No. ——

First Circuit

---

PORTAL v. CLAUSE

---

(May 4, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Petitory and Possessory Actions—Par. 48, 53.**

Under Article 46 et seq. of the Code of Practice it is sufficient for plaintiff to maintain a possessory action to prove that defendant set up an old fence, cut wood on the premises and posted signs forbidding any one to come on the premises.

2. **Louisiana Digest—Petitory and Possessory Actions—Par. 69.**

Attorneys fees are not allowed as an element of damage in a possessory action.

Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

Action by Constance Portal against Nicholas Clause. There was judgment for plaintiff and defendant appealed.

Judgment reduced.

D. L. Guilbeau, of Opelousas, attorney for plaintiff, appellee.

John L. Kennedy, of Lafayette, attorney for defendant, appellant.

LECHE, J.    Defendant appeals from a judgment maintaining plaintiff's possessory action and condemning him to pay damages in the sum of eighty-five dollars, composed of attorney's fees of thirty-five dollars and compensating damages of fifty dollars.

The case was twice fixed for trial in the district court and although defendant had filed an answer, he failed to appear for either of the fixings, and judgment, after due trial, was rendered in accordance with plaintiff's demand, as stated, and defendant has appealed.

In this court defendant complains of the vagueness of the description of the property, in the possession of which plaintiff claims to have been disturbed, and also of the insufficiency of the proof upon which the trial judge rendered judgment.

Plaintiff in her testimony, says that she has been in the possession of the land so described, as owner, for many years; that in the month of April, 1923, she was disturbed in her possession of said property, by the defendant who cut wood and posted the premises with signs forbidding any one to come thereon and also by "setting up an old fence which had been put there under her permission". The suit was filed on September 27, 1923, within a year and a day of the alleged disturbance. Of course there is no evidence on the part of defendant to contradict this testimony or to cast any doubt upon its truth or correctness. This proof unassailed, is sufficient under Art. 46 et seq. of the Code of Practice, to maintain plaintiff's action. If on the other hand there is no such property as that described in plaintiff's petition, the defendant is not injured, for the reason that the judgment cannot be executed and will be mere brutum fulmen.

As to the damages, plaintiff says that she had to pay a lawyer thirty-five dollars to file this suit, and that she suffered damages in the sum of fifty dollars.

We know of no law or any precedent in jurisprudence, sanctioning the imposition of attorney's fees against a defendant in a possessory action, where the action is not accompanied by the issuance of an anallary injunction. Counsel for plaintiff cites a decision of this court to that effect. We have no access to that decision, but if applicable here, it should be overruled. As to actual and compensatory damages, we can well conceive that defendant's acts in cutting wood on the land, posting the premises and erecting a fence thereon may have caused damage to plaintiff in the sum of fifty dollars. While plaintiff's estimate does not rest upon given details and it may be merely her conclusions from the facts, we do not think it should be disturbed.

For these reasons, the judgment appealed from should be amended by striking out therefrom the item of damages for attorney's fees fixed at thirty-five dollars, and that it should otherwise be affirmed at the cost of plaintiff and appellee, and it is so ordered.